UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOPE MARTIN TONEY, ET AL.                    CIVIL ACTION

VERSUS
                                             NO. 16-736-JJB-RLB
CODY L. RIMES, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 9, 2017.

RICHARD L. BOURGEOIS, JR.
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HOPE MARTIN TONEY, ET AL.**                     **CIVIL ACTION**

**VERSUS**
                                                  **NO. 16-736-JJB-RLB**
**CODY L. RIMES, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 5). The motion is opposed. (R. Doc. 6). Plaintiffs have filed a Reply. (R. Doc. 9).

**I.     Background**

This action arises out of a motor vehicle accident on February 6, 2015. On January 22, 2016, Plaintiffs filed a Petition for Damages in the 21st Judicial District Court, Livingston Parish, Louisiana, naming Cody L. Rimes, New Hope Maintenance Company, LLC, and Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau") as defendants. (R. Doc. 1-4).

On February 2, 2016, State Farm Automobile Insurance Company ("State Farm") filed a Petition of Intervention, which named Mississippi Farm Bureau Casualty Insurance Company ("Mississippi Farm Bureau") as a defendant-in-intervention. (R. Doc. 1-6).

On February 25, 2016, State Farm served the Petition of Intervention on Mississippi Farm Bureau. (R. Doc. 5-2 at 2).

On April 21, 2016, counsel for Cody L. Rimes, New Hope Maintenance Company, LLC, and Mississippi Farm Bureau (collectively, "Defendants") sent a fax to Plaintiff's counsel. (R. Doc. 5-5). The fax indicated that Mississippi Farm Bureau was "improperly named as Louisiana Farm Bureau" in the Petition. Defense counsel requested that Plaintiff's counsel amend the

1

Petition to name Mississippi Farm Bureau "as a proper defendant," and further stated that after such amendment was filed and served, Mississippi Farm Bureau would file a responsive pleading.

On May 23, 2016, Mississippi Farm Bureau filed its Answer to Petition of Intervention. (R. Doc. 1-8).

On October 6, 2016, Plaintiffs filed an Amended Petition, which removed Louisiana Farm Bureau as a defendant, and named Mississippi Farm Bureau as defendant. (R. Doc. 1-5).

On November 4, 2016, Cody L. Rimes, New Hope Maintenance Company, LLC, and Mississippi Farm Bureau (collectively, "Defendants") removed the instant action asserting that the removal was timely and that the Court has diversity jurisdiction over the action. (R. Doc. 1).[1]

On November 11, 2016, Plaintiffs moved to remand this action to state court on the basis that the removal was untimely. (R. Doc. 5).

## II.    Arguments of the Parties

Plaintiffs argue that Defendants' removal was untimely pursuant to 28 U.S.C. § 1446(b)(3) because the action was removed more than thirty days after receipt by Defendants of "other paper" from which it may first be ascertained that the case is one which is or has become removable. (R. Doc. 5-2 at 1-2). Plaintiffs offer three potential dates that triggered the 30-day period to removal the action. First, Plaintiffs argue that the 30-day period for removal was triggered on February 25, 2016, when State Farm served its Petition of Intervention on Mississippi Farm Bureau. (R. Doc. 5-2 at 2). Second, Plaintiffs argue that the 30-day period for removal was triggered on April 21, 2016, when defense counsel informed Plaintiffs' counsel that

---

[1] Defendants subsequently filed an Amended Notice of Removal providing the citizenship of the parties. (R. Doc. 14). There is no dispute that the parties in the Amended Petition are diverse and that the jurisdictional amount for diversity jurisdiction is satisfied.

2

they had been retained to represent Mississippi Farm Bureau. (R. Doc. 5-2 at 2-5). Third, Plaintiffs argue that the 30-day period for removal was triggered on May 23, 2016, when Mississippi Farm Bureau filed its Answer to the Petition for Intervention. (R. Doc. 5-2 at 5). If any of these dates triggered the 30-day removal period, then the removal of this action on November 11, 2016 would be untimely.

In opposition, Defendants argue that the 30-day period had not been triggered until October 6, 2016, when Plaintiffs filed their Amended Petition, removing Louisiana Farm Bureau as a non-diverse defendant. (R. Doc. 6 at 1-4). It is at this point, Defendants argue, that the case became removable because the Amended Petition established that there is complete diversity of citizenship. (R. Doc. 6 at 3). Defendants contend that the case was not removable prior to this date regardless of their knowledge that the case would become removable once the proper party was named. (R. Doc. 6 at 2).

In reply, Plaintiffs argue that Defendants have misinterpreted the decisions relied upon in support of remand. (R. Doc. 9).

### III.   Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446(b), are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

The parties do not dispute that the case was not removable based on the filing of the original petition because Plaintiffs and one of the original defendants—Louisiana Farm Bureau—were all citizens of Louisiana and, thus, complete diversity was lacking. The only issue raised by the parties is whether Defendants removed the action within 30 days of receipt "of an amended pleading, motion, order, or other paper" from which they could ascertain that the Court had diversity jurisdiction over the action. 28 U.S.C. § 1446(b)(3).

The Fifth Circuit has provided that the "other paper" requirement for removal must result from a "voluntary act by the plaintiff." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)). None of the three events suggested by Plaintiff as triggers for the 30-day removal period involved voluntary acts by the Plaintiff.

The first two events suggested by Plaintiff are the service of a Petition of Intervention by State Farm and the filing of an Answer to Petition of Intervention by Mississippi Farm Bureau.

4

Intervention by a third party is not a voluntary act of the Plaintiffs that provides a basis for removal. *See Scott v. Perma-Pipe, Inc.*, No. 15-01715, 2015 WL 4661623, at *3 (W.D. La. July 30, 2015); *Benson v. Benson*, No. 15-202, 2015 WL 3622335, at *4 (W.D. Tex. June 9, 2015). Similarly, the filing of an answer by a defendant-in-intervention is not a voluntary act of the Plaintiffs. *Cf. Pellegal v. Lincoln Elec. Co.*, No. 08-0030, 2008 WL 3166469, at *2 (E.D. La. June 20, 2008) (answer filed by defendants did not tigger the 30-day time limit).

The third event suggested by Plaintiffs is their receipt of correspondence from defense counsel indicating that Louisiana Farm Bureau was improperly named as a defendant in the original Petition. As stated above, an act by a defendant does not trigger the 30-day time period for removal. *See S.W.S. Erectors*, 72 F.3d at 494 ("We find that an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one."); *Pellegal*, 2008 WL 3166469, at *2; *Duncan v. Kansas City S. R. Co.*, No. 98-0367, 1998 WL 35069621, at *5 (W.D. La. Apr. 7, 1998) (information obtained by defense counsel through review of a file and request for information from the government three years after filing of the suit did not trigger new 30-day period to remove). Accordingly, that defense counsel sent Plaintiffs' counsel a letter asserting the purported status of Louisiana Farm Bureau as an improper defendant did not trigger the 30-day period to remove the action.[2]

That Defendants subjectively knew that Louisiana Farm Bureau was incorrectly named as a defendant in the initial pleading does not change the foregoing analysis. The Fifth Circuit has held that the subjective knowledge of a defendant regarding the requirements for diversity

---

[2] Plaintiffs' reliance on *Addo v. Globe Life & Accident Insurance Company*, 230 F.3d 759, 762 (5th Cir. 2000) is misplaced. In that case, the Fifth Circuit merely concluded that a letter sent by the plaintiff to the defendant was a voluntary act by the plaintiff that would meet the "other paper" requirement. Here, the correspondence at issue was sent by defense counsel and, therefore, did not constitute a "voluntary act" of the Plaintiffs.

5

jurisdiction does not commence the 30-day period to remove. *See S.W.S. Erectors*, 72 F.3d at 494; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). In *Chapman*, the Fifth Circuit adopted its rule against considering the defendants' subject knowledge because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know" and avoids the needless expense of judicial resources toward "trying to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence." *Chapman*, 969 F.2d at 163.[3] While the *Chapman* decision addressed the defendants' subjective knowledge regarding whether the amount in controversy requirement is satisfied, the rational for the rule is equally applicable with regard to a defendant's subjective knowledge of whether there is complete diversity. *See Brandon v. Toyota Motor Corp.*, 240 F. Supp. 2d 604, 606 (S.D. Miss. 2002) (as with the instant case, a letter from defense counsel stating that non-diverse defendants were improperly named in Petition did not trigger 30-day period of removal on the basis that it was not a voluntary act by and "any subjective knowledge on the part of defendants or their counsel was insufficient to commence the running of the removal period.").

Accordingly, the Court concludes that even if Defendants subjectively knew at the time of the initial pleading that Louisiana Farm Bureau was improperly joined as a defendant, such knowledge did not trigger a 30-day period of removal.

Plaintiff also fleetingly argues that "where a defendant is misnamed and the defendant is aware that it was misnamed, the Courts have generally been unresponsive to extending the initial

---

[3] At least one court in the Fifth Circuit has suggested, in dicta, that it remains "unclear" whether defendants are required to exercise due diligence to determine whether the 30-day removal period is triggered because there is complete diversity in an action. *See Fernando Garcia v. MVT Servs., Inc.*, 589 F. Supp. 2d 797, 802 (W.D. Tex. 2008) (citing *Chapman* for the proposition that it found "no circuit court opinions addressing whether a defendant is under a duty to exercise due diligence in determining circumstances supporting removal when the initial pleading does not reveal those circumstances.").

6

thirty period for removal." (R. Doc. 5-2 at 5). In support of this proposition, Plaintiffs cite two decisions in which the plaintiffs misnamed a defendant, the defendant removed the action after the plaintiffs amended the pleadings to correctly name the defendant, and the court found the action untimely removed. These "misnomer" cases are significantly different and distinguishable from the instant case. *See Brown v. New Jersey Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 952 (M.D. Tenn. 2004) (remanding action where defendant was on notice of originally filed lawsuit even though it was not named in the initial complaint due to misnomer – address and phone number of two entities were identical, letterhead used names of both entities, erroneous name was collectively used to refer to four insurance companies, including the proper party); *Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 966 (E.D. Mich. Jan. 25, 2002) (breach of contract employment case where plaintiff sued his original employer, Lionel Trains, Inc., when he should have served Lionel, LLC, the corporate successor of Lionel Trains, Inc. Agent who accepted service for Lionel Trains, Inc. was a member of the same law firm representing Lionel, LLC.). At least one district court in the Fifth Circuit has similarly held that where a plaintiff mistakenly sues an entity by misnomer (as opposed to by misidentification of the correct legal entity) then the 30-day period for removal is triggered upon service of the initial pleading, not service of a later amended pleading naming the correct defendant. *See I.D. Tech., LLC v. Paul Leibinger Numbering, Mach. Ltd. P'ship*, No. 12-2646, 2013 WL 105361, at *3 (N.D. Tex. Jan. 8, 2013) (remanding action because removal was untimely based on service of amended petition) (interpreting Texas law).

      Here, the record indicates that "Louisiana Farm Bureau Casualty Insurance Company" is not a misnomer for the defendant Mississippi Farm Bureau Casualty Insurance Company. In the Petition, Plaintiffs allege that Louisiana Farm Bureau is "a domestic insurance company licensed

7

to do and doing business in the State of Louisiana" and provide a particular address for service on a particular agent in Baton Rouge, Louisiana. (R. Doc. 1-4 at 1, 3). This indicates that Plaintiffs, after conducting their own due diligence, named Louisiana Farm Bureau as a non-diverse defendant after determining it was a Louisiana corporation capable of being sued. The April 21, 2016 letter from defense counsel suggests that "Louisiana Farm Bureau" was the incorrect entity to sue and that Plaintiffs should amend to name "Mississippi Farm Bureau" as the appropriate defendant. Until Louisiana Farm Bureau was removed as a party, this Court did not have jurisdiction. Knowledge that a case would <u>become</u> removable once the incorrect, non-diverse entity was dismissed, is not the same as knowledge there is complete diversity even though a diverse defendant is misnamed. The Court does not accept the proposition that Mississippi Farm Bureau was required (or even able) to remove the action until Plaintiff actually named it as a defendant and removed Louisiana Farm Bureau from the lawsuit. Accordingly, the Court finds no basis for concluding that Mississippi Farm Bureau's 30-day period to remove the action began to run prior to service of the Amended Petition.

Plaintiffs amended their Petition on October 6, 2016, effectively dismissing the non-diverse party Louisiana Farm Bureau and adding the diverse party Mississippi Farm Bureau. Pursuant to 28 U.S.C. 1446(b)(3), Defendants had 30 days to file a notice of removal after its receipt, through service or otherwise, of this amended pleading.[4] Defendants filed their notice of removal on November 2, 2016. Based on the foregoing, the Court finds that the removal was timely filed.

---

[4] The Fifth Circuit has recognized that an order dismissing a non-diverse defendant on the basis of improper joinder is an exception to the "voluntary act" requirement. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532-33 (5th Cir. 2006). Accordingly, had the state court issued an order dismissing Louisiana Farm Bureau as a defendant prior to the filing of the Amended Petition, that event would have triggered the 30-day period for removal. No such order was issued by the state court prior to amendment by Plaintiff.

8

## IV.     Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 5) be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 9, 2017.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**